IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FABBIAN SCOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-136 |
| BOB WORTHAM, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Fabbian Scott, an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Bob Wortham, Mike Laird, Kimberly Hobbs Duchamp and Langston Scott Adams. Defendant Wortham is the district attorney of Jefferson County, Texas. Defendants Laird and Duchamp are assistant district attorneys in Jefferson County. Defendant Adams is a private attorney who represented Plaintiff. This matter has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636.

Factual Allegations

In his Complaint (doc. #1), Plaintiff alleges Defendants Wortham, Laird and Duchamp have misused the grand jury process to indict Plaintiff for two sex trafficking offenses. Plaintiff states he is innocent and that there is no evidence to support the indictment. Plaintiff states he is a victim of selective prosecution. Plaintiff further alleges that Defendant Adams has failed to represent him properly and has converted to his own use $11,000 Plaintiff's mother paid him to represent Plaintiff. Plaintiff seeks money damages.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if

the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claims Against Defendants Wortham, Laird and Duchamp*

As stated above, Defendant Wortham is a district attorney and Defendants Laird and Duchamp are assistant district attorneys. Criminal prosecutors enjoy absolute immunity from claims for money damages asserted under Section 1983 for actions taken in the presentation of a criminal case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. Absolute immunity shields prosecutors even when they initiate prosecution maliciously, wantonly or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). However, a prosecutor is only entitled to qualified immunity for administrative functions and investigatory functions that do not relate to preparing a case for prosecution or judicial proceedings. *Loupe v. O'Brannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Plaintiff's claims against Defendants Wortham, Laird and Duchamp arise out of actions taken by them as prosecutors initiating a prosecution and carrying a case through judicial proceedings. His claims against these Defendants do not concern administrative or investigatory actions taken by them. As Plaintiff's claims against Defendants Wortham, Laird and Duchamp are based on acts for which they have absolute prosecutorial immunity, the claims against these Defendants should be dismissed.

*Claim Against Defendant Adams*

Plaintiff allege Defendant Adams failed to represent him adequately. He also alleges Defendant Adams converted to his own use money Plaintiff's mother paid him to represent Plaintiff. However, for the reasons set forth below, Defendant Adams was not acting under color of state law while representing plaintiff.

In order to state a cause of action under Section 1983, a plaintiff must allege that the person who deprived him of a federal right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Mannax v. McNamara*, 842 F.2d 808, 812 (1988). A private attorney generally does not act under color of state law. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).[1] As a result, Plaintiff's claim against Defendant Adams does not state a cause of action under Section 1983 and should be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

This civil rights lawsuit should be dismissed.

---

[1] A private attorney does act under color of state law when he conspires with state officials. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). However, Plaintiff does not allege Defendant Adams conspired with a state official.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 20th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE